**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID GONZALES,** | § | |
| **TDCJ-ID # 869900,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **Civil Action** |
| **v.** | § | **No. A-06-CA-164-LY** |
| | § | |
| **NATHANIEL A. QUARTERMAN,** | § | |
| **Director, Texas Dept. of Criminal** | § | |
| **Justice-Correctional Institutions Division,**[1] | § | |
| | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

To:  THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.

Before the Court are Petitioner's pro se Application for Habeas Corpus under 28 U.S.C. § 2254 (Clerk's Doc. #1), Respondent's Answer with Brief in Support (Clerk's Doc. #14) and Petitioner's

---

[1]  The previous named respondent in this action was Doug Dretke.  On June 1, 2006, Nathaniel Quarterman succeeded Dretke as Director of the Texas Department of Criminal Justice, Correctional Institutions Division.  Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Quarterman is automatically substituted as a party.

Response to the State's Answer (Clerk's Doc. #20).  For the reasons set forth below, the undersigned

finds that Petitioner's application for writ of habeas corpus should be denied.

## I.  PROCEDURAL HISTORY

Petitioner David Gonzales ("Gonzales") was convicted of aggravated sexual assault of a child

by a jury in the 147th Judicial District Court of Travis County.   Punishment was assessed at seventy

years imprisonment.  His conviction was affirmed on direct appeal.  *Gonzales v. State*, No. 3-99-209-

CR (Tex. App.–Austin, May 11, 2000, pet. ref'd).   Gonzales also attacked his conviction in a state

application for habeas corpus.  The Texas Court of Criminal Appeals denied his application without

written order.  *Ex Parte Gonzales*, No. 51,336-3 (Tex. Crim. App. Feb. 22, 2006).  Petitioner then

filed this action.

## II.  FACTUAL BACKGROUND

The Court of Appeals described the evidence against Gonzales and trial proceedings as follows:

> On June 29, 1998, eight-year-old R.G. and her five-year-old brother R.M. went next
> door into Gonzales's yard to play with some cats.  Gonzales called them over and
> instructed R.M. to go home and get some scissors.  He then led R.G. into a storage
> shed and placed a bandana over her eyes.  He asked her to open her mouth and when
> she refused, he forced it open.  Gonzales then placed his penis in R.G.'s mouth.  R.G.
> eventually took the blindfold off and fled.  The entire episode lasted between ten and
> twenty minutes.  When R.G. got home, she ran to the bathroom to wash out her
> mouth. Her brother R.M. was in the bathroom with her at that time, and she told him
> what happened.  R.G. did not tell her mother about the assault until the next day, at
> which time her mother reported the assault to the police.
>
> Gonzales was indicted for aggravated sexual assault of a child, indecency with a child
> by contact, and indecency with a child by exposure.  He was further charged as a
> habitual felon by reason of two prior felony convictions.
>
> At trial, both R.G., then nine years old, and her brother R.M., then seven years old,
> testified.  Prior to their testimony, the court examined both children in a hearing
> outside the presence of the jury to determine whether they were competent to testify.
> The trial court admitted the testimony of both children, and the jury found Gonzales

2

guilty of aggravated sexual assault.  Gonzales requested that punishment be assessed by the jury.  Following a hearing, the jury assessed punishment at seventy years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

*Gonzales,*, No. 03-99-00209-CR, slip op.  at 1 (footnotes omitted).

### III.  ISSUES RAISED

Gonzales raises five overarching issues in twenty seven grounds for relief.  Specifically, he alleges: (1) the evidence was factually and legally insufficient to support the verdict; (2) he is actually innocent; (3) the trial court committed numerous errors; (4) the prosecution team committed prosecutorial misconduct; and (5) he received ineffective assistance of trial and appellate counsel.

### IV.  STANDARD OF REVIEW

The federal habeas corpus statute provides relief for state prisoners held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.  "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991).  A federal habeas court may not grant relief on trial errors unless the petitioner demonstrates the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637,113 S. Ct. 1710, 1722 (1993).

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996.  *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA").  Under the AEDPA, a habeas petitioner may not obtain relief with respect to any claim that was adjudicated on the merits in a state court proceeding unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court of the United States] on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S. Ct. 1495, 1523 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S. Ct. at 1523. A state court decision is entitled to deference unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A presumption of correctness attaches to factual determinations made by a state court. 28 U.S.C. § 2254(e)(1). A habeas petitioner must rebut this presumption by clear and convincing evidence. *Id.*; *Ladd v. Cockrell*, 311 F.3d 349, 352 (5th Cir. 2002).

Rule 2(d) of the Rules Governing § 2254 Proceedings requires that the petition "shall set forth in summary form the facts supporting each of the grounds." Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F.3d 1385, 1398-99 (5th Cir. 1996); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996).

4

# V.  ANALYSIS

## A.    Sufficiency of the Evidence

Gonzales first contends the evidence was both legally and factually insufficient to support his conviction.[2]

### 1.  Standard of Review

Federal habeas review of a claim based on the sufficiency of the evidence is extremely limited. A federal court may not disturb a conviction in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789; *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991).  The evidence must be viewed in the light most favorable to the verdict.  *Jackson*, 99 S. Ct. at 2789; *Gibson*, 947 F.2d at 781.  This standard of review applies in both direct and circumstantial evidence cases.  *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).

### 2.  Elements of the Offense

Federal courts are bound by state statutes and case law in determining the elements of an offense.  *Foy v. Donnelly*, 959 F.2d 1307, 1313 (5th Cir. 1992).  Petitioner was charged with aggravated sexual assault of a child.  A person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly causes the penetration of a child's mouth by the

---

[2] Respondent argues Petitioner has not exhausted this claim because he challenged only the factual sufficiency of the evidence on direct appeal.  The Court need not consider this argument because Garcia is not entitled to relief on this basis.  28 U.S.C. § 2254(b)(2) (habeas corpus petition may be denied on the merits, notwithstanding failure of petitioner to exhaust state court remedies); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (federal court may deny habeas relief on merits even where claim is unexhausted and procedurally barred).

sexual organ of the actor.  Tex. Penal Code § 22.021(a)(1)(B)(ii) (Vernon Supp. 1997); *Hines v. State*, 38 S.W.3d 805, 809 (Tex. App.--Houston [14th Dist.] 2001, no pet.).

### 3.  Discussion

R.G., an eight year old child, testified that the man next door on June 29, 1998 put his penis into R.G.'s mouth.  (3 Trial Tr. at 40-50, 79-80, 81-82).  She told her mother of the assault the next day.  (*Id*. at 109, 111-12).  R.G. identified Gonzales as her assailant by identifying him from a photo lineup.  (*Id.* at 176-77, 223-24).  She also pointed him out to her mother.  (*Id.* at 112, 132, 138).  In addition, R.G. identified Gonzales from a photo taken shortly before trial.  (3 Trial Tr. 179; 4 Trial Tr. 31).

The court of appeals found this evidence was sufficient to support a conviction for aggravated sexual assault and indecency with a child.  *Gonzales,* No. 03-99-00209-CR, slip op. at 1-2.  This Court must accept that finding unless it "was based on an unreasonable determination of the facts in light of the evidence presented."  *Hill*, 210 F.3d at 485.  Petitioner has failed to meet this heavy burden.  The record shows that R.G. accused Petitioner of placing his sexual organ in her mouth by making an outcry to her mother.  She repeated her story both to an investigator and at trial.  A rational trier of fact presented with this evidence could easily conclude that Petitioner placed his sexual organ in the victim's mouth.  *See Tear v. State,* 74 S.W.3d 555, 560 (Tex. App.–Dallas 2002, pet. ref'd) (testimony of child victim alone sufficient to support a conviction for aggravated sexual assault).  This ground for relief is without merit and should be overruled.

### B.  Actual Innocence

Petitioner Gonzales next claims he is actually innocent.  This claim is conclusory and is not a basis for federal habeas corpus relief.  The Supreme Court has clearly held:

> Claims of actual innocence . . . have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. . . .  This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact.

*Herrera v. Collins*, 506 U.S. 390, 400, 113 S. Ct. 853, 860 (1993).  To be entitled to habeas relief, the petitioner must also provide evidence of an independent constitutional violation in the state criminal proceeding.  *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000).

Here, Gonzales has failed to establish an underlying constitutional violation.  Nor is there any affirmative evidence of his innocence.  Rather, Petitioner asserts only that the evidence was insufficient to establish his guilt.  Accordingly, Gonzales has not shown he is entitled to habeas relief on this ground.

## C.    Trial Court Error

Gonzales contends the trial court erred in numerous ways.  Specifically, he contends the trial court: (1) abused its discretion by finding the complainant, R.G., competent to testify; (2) erred in failing to excuse a biased juror for cause; (3) improperly denied his motions to substitute counsel; (4) inquired into the numerical division of the deadlocked jury; (5) failed to sequester the witnesses during trial; and (6) denied Gonzales' right to allocution before imposition of his sentence.  These issues are without merit.

Gonzales first claims the complainant's brother R.M. was not competent to testify.  The Court of Appeals held this issue was waived because Gonzales failed to object to the trial court's competency ruling or object to R.M.'s testimony at trial.  *Gonzales,* No. 03-99-00209-CR, slip op. at 3.  The lack of a contemporaneous objection and the Texas contemporaneous objection rule constitute an adequate and independent state ground supporting denial of this claim.  This claim is

7

thus procedurally barred from federal habeas review. *Styron v. Johnson*, 262 F. 3d 438, 453-54 (5th Cir. 2001); *Jackson v. Johnson*, 194 F.3d 641, 652 (5th Cir.1999). *See also Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991) (where state prisoner has defaulted federal claims in state court pursuant to independent and adequate state procedural rule, federal habeas review of claims is barred unless petitioner can demonstrate cause for the default and actual prejudice as a result). Moreover, Gonzales fails to identify any facts in support of his claim that R.G. was not competent to testify, and thus the claim is conclusory. Furthermore, this claim is defied by the record because R.G. testified she understood the difference between the truth and a lie and her obligation to testify truthfully. (3 Trial Tr. 17-20).

Gonzales next contends the trial court erred in failing to excuse a biased juror. During voir dire when the panel was asked whether anyone had a bias for or against the district attorney's office, panelist Orbeck stated she was previously acquainted with the assistant district attorney because Orbeck was the victim of an assault that was successfully prosecuted by the assistant district attorney. (2 Voir Dire Tr. 61-64). Orbeck stated she was not sure if she could be fair in the case, but on further questioning stated she thought she could be fair to each party and follow the law. (*Id.* at 64, 105-06). When questioned by the trial judge Orbeck stated she did not feel biased and thought she could base her verdict solely on the evidence. (*Id.* at 116-20). The trial judge denied a challenge to Orbeck for cause. (*Id.* at 137). The defense then struck Orbeck using a peremptory challenge. (Clerk's Rec. at 114).

The standard for whether a court may exclude a venire member for cause for bias is "whether the juror's views would 'prevent or substantially impair the performance of [her] duties as a juror in accordance with [her] instructions and [her] oath.'" *Wainwright v. Witt*, 469 U.S. 412, 424, 105 S.

Ct. 844, 852 (1985) (quoting *Adams v. Texas*, 448 U.S. 38, 45, 100 S. Ct. 2521, 2526 (1980)).  The

trial court's determination that Orbeck could be fair and impartial and follow the law is supported

by the record.  (2 Trial Tr. 120).  Thus, it is entitled to a presumption of correctness that Gonzales

failed to overcome with clear and convincing evidence.  *See Fuller v. Johnson*, 114 F.3d 491, 500-01

(5th Cir. 1997) (trial judge's finding concerning bias during voir dire is determination of fact entitled

to presumption of correctness).  Furthermore, because panelist Orbeck was struck through a

peremptory challenge and did not sit on the jury, Gonzales was not denied a fair and impartial jury.

*See United States v. Martinez-Salazar*, 528 U.S. 304, 317 (2000) (defendant's exercise of peremptory

challenges to remove juror who should have been excused for cause does not violate due process).

Gonzales further claims the trial court erred denying his motion to substitute counsel.  The

record shows Gonzales' motions for substitution of counsel were filed only after the jury returned

its verdict against Gonzales.  (Clerk's Rec. at 105, 148).  The lack of a timely objection, once again,

renders this claim procedurally barred from review in this Court.  *See Styron*, 262 F.3d at 453-54.

Furthermore, this claim is conclusory because Petitioner fails to present any facts that would support

a claim of conflict of interest or other grounds warranting appointment of new counsel.  Rather, he

merely asserts generally that he and counsel suffered a "breakdown in communications." (Hab. Pet.

at 16 & 17).  "We have repeatedly held that the right to counsel guaranteed by the Sixth Amendment

does not include the right to counsel of one's choice." *United States v. Breeland*, 53 F.3d 100, 106

(5th Cir. 1995).  To the extent Gonzales claims his counsel was ineffective, this is not a basis for

substitution of counsel at trial because such a claim can only be raised collaterally.  Further, as

discussed below, Petitioner has failed to show his counsel was not effective.  Moreover, any

complaint by Gonzales that the trial court denied him the right to represent himself is procedurally barred because Gonzales never raised the issue at trial.

Gonzales also complains "the [trial] judge knew the numerical division of the deadlocked jurors." (Hab. Pet. at 17). "An inquiry into the numerical division of the jury [by a trial court] warrants federal habeas relief only if, under the totality of the circumstances, the inquiry, coupled with a subsequent charge, rendered the petitioner's trial fundamentally unfair." *Montoya v. Scott*, 65 F.3d 405, 412 (5th Cir. 1995). First, the record shows the trial judge never inquired about the numerical division of the jury, rather the jurors volunteered this information in a note to the judge. (1 Clerk's Rec. 123; 4 Trial Tr. 119-21). Moreover, the judge, upon receipt of the note, and before bringing the jury back in, stated:

> I intend to bring them back in here and ask them if they're still able to discuss the issues, I intend to ask them if their numbers have changed. And I don't want them to tell me what the numbers originally were or how they've changed, but if the numbers have changed from their initial vote.

(4 Trial Tr. 120). Clearly, the judge was aware of his obligation not to inquire into the numerical division of the jury and the volunteering of the information by the jury was not inherently improper. *See United States v. Warren*, 594 F.2d 1046, 1049 n.3 (5th Cir. 1979) (unsolicited disclosure of jury division by foreman not by itself ground for mistrial). Thus, there is no basis for Petitioner's claim that the judge initiated any inquiry into the numerical division of the jury.

In addition, the state habeas court concluded Petitioner had not shown any harm from the errors of the trial court. *Ex Parte Gonzales*, No. 51,336-3 at 108. Gonzales has not shown this finding is not entitled to deference. *See Thompson v. Cain*, 161 F.3d 802, 810 (5th Cir. 1998) (state trial judge's inquiry into numerical split of jury to assess progress of jury does not render trial

fundamentally unfair); *Montoya*, 65 F.3d at 413 (inquiry into numerical division of jury, combined with additional charge, not so coercive as to render trial fundamentally unfair).  Accordingly, he has failed to establish his trial was rendered fundamentally unfair on this basis.

Gonzales next claims the trial court erred by failing to direct the witnesses be sequestered during trial.  "[Petitioner's] complaint that the trial court failed to invoke the rule of sequestration of witnesses does not raise a question that can be reached by federal habeas corpus, since such denial does not amount to a deprivation of [Petitioner's] constitutional rights." *Mathis v. Wainwright*, 351 F.2d 489 (5th Cir. 1965).  *See also Passman v. Blackburn*, 652 F.2d 559, 569 (5th Cir.  1981) (state court's failure to follow its own procedural rules on sequestration of witnesses does not of itself raise federal constitutional questions cognizable in habeas corpus).  In any event, this claim is conclusory because there is no showing any witnesses discussed their testimony with other witnesses before testifying.

Gonzales also claims the trial court failed to advise him of his right to allocute before imposition of his sentence.  The right to allocute at sentencing, however, is "neither constitutional nor jurisdictional." *United States v. Reyna*, 358 F.3d 344, 349 (5th Cir. 2004).  *See also United States v. Magwood*, 445 F.3d 826, 830 (5th Cir. 2006) (denial of right to allocution not a fundamental defect inherently resulting in complete miscarriage of justice).  Accordingly, the trial court's failure is not a basis for federal habeas relief.

### D.    Prosecutorial Misconduct

Gonzales next contends the prosecution engaged in misconduct by: (1) exercising peremptory strikes in a discriminatory manner; (2) coaching the complainant prior to her testimony; (3) allowing State expert witnesses to testify to their opinions and vouch for the credibility of other State

witnesses; and (4) withholding favorable evidence consisting of ankle monitoring records which would show he was not present during the assault.

Gonzales first claims the prosecution exercised peremptory strikes in a discriminatory manner in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986). Petitioner did not, however, object at trial on this basis. "[A] contemporaneous objection is a necessary element of a *Batson* claim." *Ward v. Whitley*, 21 F.3d 1355, 1366 (5th Cir. 1994). *See Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999) (*Batson* claim procedurally barred from federal habeas review where state court regularly applies contemporaneous objection rule to such claims).

Gonzales next assert the prosecution "coached" the State's witnesses. The record shows the prosecution discussed the case with the State's witnesses and "practiced questions" before trial. (3 Trial Tr. 31-32). Petitioner does not, however, allege the resulting testimony was perjured, coerced, or in any other way tainted. Nor has he identified any constitutional right mandating the prosecution refrain from coaching witnesses. In addition, the state habeas court concluded Petitioner had failed to show any misconduct by the prosecutor. *Ex Parte Gonzales*, No. 51,336-3 at 108. Gonzales has not shown this finding is not entitled to deference. Accordingly, he has failed to show he is entitled to habeas relief on this basis.

Gonzales next complains that an expert witness was allowed to testify to her "opinion" and vouched for the credibility of other State witnesses. He does not, however, identify the experts of which he is complaining. Petitioner does not contend – nor could he – that the expert opinion testimony was inadmissible. *See* TEX. R. EVID. 702-04 (governing expert opinion testimony). In addition, there was no objection on this basis at trial. The issue is thus procedurally barred. *Styron*, 262 F.3d at 453-54.

Gonzales also contends the State withheld favorable evidence consisting of ankle monitoring records maintained by the State probation office which would show he was not present during the assault. In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." A defendant must show the suppressed evidence was favorable to the defendant and material. *Id.* The suppressed evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383 (1985). Gonzales proffers no evidence that would support a *Brady* claim, because he has failed to show that the ankle monitoring records exist, were withheld by the prosecution, or contain favorable evidence. This claim is speculative and conclusory.

**E.   Ineffective Assistance of Counsel**

Gonzales next claims his trial counsel was ineffective on numerous bases. He contends his counsel: (1) failed to comply with his request to file a motion to shuffle the jury panel; (2) refused to obtain records which would have been exculpatory; (3) declined to interview and subpoena a number of potential alibi witnesses; (4) did not ask for additional peremptory challenges after some jurors were struck for cause; (5) did not fully inform him of the applicable law concerning his alibi defense prior to trial; (6) failed to object to the trial court's response to the jury's first note; (7) did not move to suppress an impermissibly suggestive photographic identification; (8) failed to object to the trial judge's additional instructions and coercion of the deadlocked jury; (9) did not object to the trial judge finding R.M. competent to testify; (10) refused to allow him to testify;  (11) did not

13

object to the trial court's denial of the motion to sever; (12) failed to file a motion for an in-court lineup; (13) did not introduce the pre-indictment videotape; (15) failed to object to the charge; (16) refused to instruct the jurors on the judge's failure to poll then neutrally, to seek a neutral polling and to file a motion for mistrial on this basis; and (17) did not object to the prosecutor's improper jury argument.   Gonzales also maintains his appellate counsel was ineffective for: (1) failing to adequately prepare a motion for new trial; and (2) failing to raise meritorious claims on appeal.

### 1.   Applicable Law

To establish ineffective assistance of counsel, a petitioner must show counsel's performance was deficient, i.e. counsel's performance was not professionally reasonable, and counsel's deficient performance prejudiced the petitioner, i.e. "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984).   There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance or sound trial strategy.   *Id.* at 689.   In order to demonstrate prejudice, a petitioner must show not only that had counsel acted in a different manner a new trial would have been granted, but also that, as a result of counsel's incompetence, the trial was rendered fundamentally unfair or unreliable.   *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993).   Similarly, to show appellate counsel was ineffective a petitioner must show counsel unreasonably failed to present a non-frivolous issue on appeal and if not for this deficiency there is a reasonable probability he would have prevailed on appeal.   *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

14

2.  **Analysis**

Gonzales first argues counsel was ineffective for failing to request a shuffle of the jury pool. He contends he repeatedly instructed his counsel to file the motion, but she told him she wanted to wait to see the jury composition.  Petitioner correctly points out, under Texas law, a defendant is entitled to a shuffle of the jury panel upon a timely request.  *Ex parte Daigle*, 848 S.W.2d 691, 692 (Tex. Crim. App. 1993).  He does not, however, explain why a shuffle would have benefitted him. Accordingly, Gonzales has failed to show he was prejudiced as a result of his attorney's failure to request a shuffle of the jury panel.  This claim thus fails.

Petitioner next complains his counsel should have obtained the ankle monitoring records in support of his alibi defense.  He contends these records would have shown he did not return to his home until 6:45 p.m. on the date in question.   Gonzales maintains this evidence would have established he could not have committed the offense because he was not home.  Petitioner has failed to show he is entitled to relief on this basis for two reasons.  First, he has not presented this Court with the records.  Rather, he merely asserts what they would show.  This type of unsubstantiated allegation does not merit habeas relief.  *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) (court cannot even begin to analyze ineffective assistance of counsel claim without affirmative showing of missing evidence or testimony).  Second, as noted above, the time of the offense is somewhat uncertain, but could readily have been after 6:45.  Accordingly, Gonzales has not shown counsel's failure to present this evidence was prejudicial.

Gonzales claims his counsel was ineffective for failing to interview and subpoena as witnesses a number of persons who would have established an alibi for him.  "Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness

15

would have testified are largely speculative." *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)).  Allegations that counsel failed to investigate and develop useful evidence are not sufficient to warrant a hearing or relief absent an "affirmative showing of what the missing evidence or testimony would have been" and an explanation "why it would have been likely to make any difference in his trial or sentencing." *Anderson v. Collins*, 18 F.3d 1208, 1220 (5th Cir. 1994).  "A prisoner's bald conclusory assertion that supposed . . . witnesses were not called does not serve to 'overcome the strong presumption that his counsel's actions were reasonable.'" *Sayre*, 238 F.3d at 635 (quoting *Marler v. Blackburn*, 777 F.2d 1007, 1010 (5th Cir. 1985))

Gonzales first contends counsel should have called Henrietta Galvan as a witness.  Petitioner presented this claim in his state habeas application.  In support of this claim Petitioner provided Galvan's affidavit.  In the affidavit, Galvan stated she would have testified at trial that Gonzales visited her from 5:15 until 6:45 p.m on June 29, 1998, the day of the assault. *Ex Parte Gonzales*, No. 51,336-3 at 100.

The state habeas court found Petitioner had failed to provide sufficient facts showing counsel's actions were unreasonable or resulted in prejudice.  *Ex Parte Gonzales*, No. 51,336-3 at 108. Gonzales has not shown to this Court why this finding is not entitled to deference.  Moreover, it is not clear Galvan's testimony would have provided an alibi for Gonzales.  The victim testified the sexual assault occurred in the afternoon when it was "almost getting dark." (3 Trial Tr. 44).  Public records available from the National Weather Service show sunset in Austin on June 29, 1998, was at 8:37 p.m.  Thus, even if the jury credited Galvan's testimony it would not have been likely to make a difference in the jury's verdict.

16

Gonzales also claims his counsel was ineffective for failing to present the testimony of Ernest Guerra who would similarly have testified he was with Gonzales when he visited with Galvan until 6:45 p.m. on June 29, 1998.  Petitioner additionally asserts Guerra would have testified the two of them returned to Gonzales' residence after dark.  Gonzales further contends his counsel was ineffective for failing to investigate "ex-cons" at a nearby half-way house and workmen who were at Gonzales' residence earlier in the day.  Gonzales has not presented an affidavit from Guerra or any of these other uncalled witnesses.  Accordingly, his allegations are conclusory because he failed to present proof of favorable witnesses willing to testify for him or the content of their testimony. Absent such proof, Gonzales is not entitled to relief.

Petitioner further argues his counsel erred in failing to object to going to trial with two "objectionable jurors."  (Hab. Pet. Memo. at 21).  According to Gonzales, the trial judge struck two jurors for cause, after his counsel had exercised peremptory challenges to strike those same jurors. He maintains counsel should have requested two additional challenges to strike jurors #1 and #45. Petitioner states those two jurors were clearly objectionable because they "were staring at me with hatred in there[sic] eyes, etc."  (Hab. Pet. Memo. at 21).

A review of the record contradicts the factual basis of Petitioner's claim.  His counsel objected to a number of witnesses for cause.  All but two of those challenges were sustained.  (2 Voir Dire at 137).  Trial counsel then requested two additional peremptory challenges because she was required to use two of her peremptory challenges to strike jurors she believed should have been stricken for cause.  The trial court denied her request.  (*Id*.).  Accordingly, Petitioner has failed to show deficient performance by his attorney.

17

Gonzales also contends his attorney failed to advise him of a change in Texas law regarding his alibi defense.  He alleges his counsel should have told him a written alibi instruction was no longer required to be given under a 1998 Texas Court of Criminal Appeals decision.  According to Petitioner, had he known the alibi instruction would not be given to the jury he "would of been very hesitant in my decision's as to both sole alibi defense and a bench trial instead of jury."  (Hab. Pet. Memo. at 25).  Notably, Gonzales does not assert his attorney misadvised him.  Nor does he indicate any affirmative prejudice resulting from his attorney's alleged failure.  Petitioner has not, therefore, established he is entitled to habeas relief on this basis.

Gonzales next claims his attorney erred in failing to object to the trial court's response to the jury's first note.  He contends his counsel should have provided a television guide to aid the jury. It appears from the record that the jury's first note asked several questions concerning the testimony of witnesses as to the time of day the offense occurred.  (4 Trial Tr. at 114).  In response, the trial judge had the court reporter read back the relevant portions of the witnesses' testimony.  (*Id.*).  Trial counsel had no basis, after the close of evidence, to ask to present additional evidence to the jury. This argument is without merit.

Petitioner further alleges his counsel should have moved to suppress an impermissibly suggestive photographic identification.  During trial, the prosecutor asked the victim whether she remembered identifying the picture of her assailant in a photo line-up.  The line-up contained photos of Gonzales and other physically similar individuals.  (3 Trial Tr. at 55-57, 175-77).  Gonzales contends the prosecutor had rehearsed the testimony with the victim prior, thus rendering her identification suggestive.  He maintains counsel should have objected to the testimony and moved to suppress the identification because it is well established law that coached and practiced lies cannot

18

stand.  Notably, Petitioner does not provide any evidence the testimony of the victim was perjured.
Nor does he cite any legal authority for mandating the suppression of testimony which was
rehearsed.  Accordingly, this argument fails.

Gonzales also complains his counsel did not object when the trial court coerced the jury into
finding him guilty by having the jury deliberate after notifying the court it was deadlocked, by giving
an *Allen* charge to the jury,[3] and by turning up the air-conditioning to "blast" a verdict "out of" the
jury.  Petitioner has not shown that the trial court's decision to have the jury continue deliberations
and to give them an additional *Allen* charge constituted a valid basis for objection by his counsel.
*See Lowenfield v. Phelps*, 484 U.S. 231, 235, 108 S. Ct. 546, 549 (1988) (state trial court had not
unconstitutionally coerced the jury by inquiring as to value of further deliberations and giving jury
modified *Allen* charge); *United States v. Redd*, 355 F.3d 866, 877-78 (5th Cir. 2003) (*Allen* charge
not improper where it did not deviate from language approved by court in the past).  Nor has he
presented any factual support for his allegation that the temperatures the jury experienced were
deliberate or had a coercive effect.  Rather, Petitioner comments only as to the temperature of the
courtroom.  Accordingly, he has failed to present a viable claim for habeas relief.

Gonzales also alleges his counsel erred in failing to object to the competency of R.M. to testify.
Petitioner contends R.M.'s testimony was confusing and contrary to that of his mother, and asserts
trial counsel should have objected to his competency to testify.  The court of appeals rejected this
claim on direct appeal.  While acknowledging R.M.'s testimony was inconsistent, the appellate court

---

[3] *Allen v. United States,* 164 U.S. 492, 501-02, 17 S. Ct. 154, 157 (1896).  An *Allen* charge
is a supplemental instruction given a deadlocked jury which urges them jurors to forego their
differences and reach a unanimous verdict.  *Gochicoa v. Johnson*, 118 F.3d 440, 443 n.1 (5th Cir.
1997); *United States v. Winters,* 105 F.3d 200, 202 n.1 (5th Cir. 1997).

found he understood the difference between the truth and a lie, and concluded the trial court did not abuse its discretion in allowing him to testify. *Gonzales,* No. 03-99-00209-CR, slip op. at 3. Gonzales cannot show counsel erred in failing to raise a meritless objections. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (counsel not required to make futile motions or objections).

Gonzales claims his counsel was ineffective for not letting him testify. However, the record affirmatively shows Gonzales elected not to testify at both phases of his trial. (4 Trial Tr. 76-77; 5 Trial Tr. 37-41). Furthermore, had Gonzales testified, his prior 1988 burglary conviction would have been admissible for impeachment, plus his 1984 convictions for involuntary manslaughter and attempted burglary, and his 1985 conviction for attempted murder, might have been deemed admissible pursuant to Rule 609 of the Texas Rules of Evidence.

Gonzales also alleges his counsel was ineffective for failing to object to the trial court's denial of a motion that the prosecution sever the counts or elect to proceed on a single charge. The record reflects counsel filed a motion for severance prior to trial. (Clerk's Rec. at 95-100). The motion was denied. (*Id*. at 101). Petitioner contends this was erroneous because Texas law guarantees a right to severance of multiple criminal offenses. However, the right to severance under Texas law specifically excludes the offense with which Gonzales was charged. *See* TEX. PENAL CODE § 3.04(c) (Vernon Supp. 1997) (right to severance does not apply to prosecution for offenses described by Section 3.03(b)); TEX. PENAL CODE § 3.03(b)(2)(A) (addressing offenses under section 22.021). Counsel was not deficient for failing to raise a meritless objection.

Petitioner next contends his counsel should have filed a motion for an in-court line-up. Texas law does not require such a procedure. *See Johnson v. State*, 462 S.W.2d 955, 956 (Tex. Crim. App. 1971) (rejecting argument that trial court erred in not granting motion to require multi-person show

up for purpose of in-court identification).  Counsel did not, therefore, err in failing to ask for such a line-up.

Gonzales further claims his counsel erred in not introducing a pre-indictment videotape of the victim's testimony.  He contends the taped testimony would have been inconsistent with her trial testimony and could have been used by his counsel for impeachment purposes.  Petitioner has not, however, submitted the videotape or a transcript of the testimony.  Accordingly, he has not established an evidentiary basis for this claim.

Gonzales also maintains his attorney failed to object to the jury charge.  He does not point to any particular portion of the charge, nor does he identify the legal basis for any objection.  This ground for relief is, thus, conclusory and provides no basis for habeas relief.

Petitioner next alleges his counsel erred in refusing to instruct the jurors on the judge's failure to poll them neutrally, to seek a neutral polling and to file a motion for mistrial on this basis.  He apparently believes a polling of the jurors would have revealed evidence that the judge's instructions and cold temperature coerced them into reaching a guilty verdict.  Gonzales has presented no evidence establishing coercion, or any prejudice he suffered by the lack of a neutral poll.  He has not, therefore, shown the state habeas court erred in rejecting this claim for relief.

Petitioner further contends his counsel should have objected to the prosecutor's improper jury argument.  Without referencing a specific portion of the argument, he alleges generally that the prosecutor's pleas for law enforcement was improper at the punishment phase of the trial.  Under Texas law, however, a plea for law enforcement falls within one of the categories of proper jury argument.  *See Ward v. Dretke*, 420 F.3d 479, 497 (5th Cir. 2005) (listing four categories of proper jury argument); *Darden v. State*, 629 S.W.2d 46, 52 (Tex. Crim. App.1982) (four proper areas of jury

argument are summation of evidence, reasonable inference from evidence, answers to opposing counsel's argument, and pleas for law enforcement). *See also Thompson v. Mississippi*, 914 F.2d 736, 739-40 (5th Cir. 1990) (declining to grant habeas relief based on prosecutor's argument at trial imploring jury to find petitioner guilty to deter similar crimes from happening again). Gonzales has not shown he is entitled to relief on this basis.

Gonzales also maintains his appellate counsel was ineffective for failing to adequately prepare a motion for new trial. Neither the Supreme Court nor the Fifth Circuit has yet determined whether the right to counsel attaches on a motion for new trial. *Graves v. Cockrell*, 351 F.3d 143, 155 (5th Cir. 2003); *Mayo v. Cockrell*, 287 F.3d 336, 339-40 & n.3 (5th Cir .2002) (having counsel during motion for new trial phase may or may not be necessary to preserve defendant's rights to fair trial and effective appeal). For this reason alone, Petitioner cannot show the state habeas court's denial of this claim was improper. Moreover, the issues identified by Gonzales as ones counsel should have raised are the same issues he raises in this habeas petition which the undersigned has already found are without merit. He is not, therefore, entitled to habeas relief on this basis.

Petitioner finally argues his appellate counsel was ineffective for not raising the *Brady* issue concerning the ankle monitoring records and claiming ineffective assistance of trial counsel on appeal. As previously discussed, Gonzales' *Brady* claim and his claims regarding the ineffectiveness of his trial counsel are without merit and conclusory. Raising these issues on appeal would have been futile and appellate counsel was not deficient for failing to do so.

Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact. Factual determinations of a state court are "presumed to be correct" and the Petitioner has the burden of rebutting this presumption by "clear

and convincing evidence." 28 U.S.C. § 2254(e)(1). The State court's denial of Gonzales' claims is reasonably supported by the record and is consistent with federal law as required by § 2254(d). Therefore this Court is compelled to reach the same conclusion. Moreover, in light of the evidence against Gonzales, any trial or counsel errors did not have a substantial or injurious effect on the jury's verdict and thus were harmless. *Brecht*, 507 U.S. at 637-38, 113 S. Ct. at 1722. Gonzales' Petition is without legal or factual merit and should be denied.

## VI. RECOMMENDATION

The Magistrate Court recommends that the District Court **DENY** Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254.

## VII. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of March, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE